IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SAUERS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOWER SOUTHAMPTON | : | |
| TOWNSHIP, et al., | : | No. 09-5364 |
|     Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                                       January 19, 2010

*Pro se* Plaintiff Peter Sauers sued Lower Southampton Township, the Galaman Group, Nico Landscaping, Inc., and Village Style Commercial for alleged violations of his federal and Pennsylvania constitutional rights stemming from a zoning decision made by the Township. Southampton Township, the only Defendant to have responded to the Complaint, has filed a motion to dismiss for failure to state a claim. For the reasons below, the Court will deny the motion without prejudice so as to afford Sauers one more opportunity to assert valid claims.

## I.     BACKGROUND

Plaintiff's *pro se* Complaint and his response to Lower Southampton's motion to dismiss fail to describe a logical chain of events. As best as the Court can discern, Sauers alleges the following:

    1.     On October 2, 2008, the Lower Southampton Planning Commission approved a zoning change for a piece of land from residential to controlled commercial. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 2.)

    2.     On or about April 7, 2009, the Lower Southampton Board of Supervisors approved

this zoning change. (*Id.*)

According to the Complaint, the Board of Supervisors overlooked his rights and the law when they made their zoning decision.[1] (Compl. at 6.) For example, the Board of Supervisors refused to answer a question Sauers posed to it. (*Id.* at 7.) He further claims that "[t]he actions of the zoning office . . . were making me anxious and fearful about my truck and other things by sending me notices." (*Id.*) According to the Complaint, the Township's zoning decision "sold out" those living in the township. (*Id.*) He also claims that he would not have purchased his property had he known that the zoning nearby could be altered. (*Id.* at 8.) Furthermore, the re-zoning reduces his quality of life and prevents him from living in peace. (*Id.*)

Sauers also refers to the Americans with Disability Act and asserts that he was diagnosed with an inner ear disorder over forty years ago that caused dyslexia and limits his ability to read, write, spell, and focus. (*Id.* at 4.) He also suffers from Attention Deficit Disorder/Attention Deficit Hyperactivity Disorder. (*Id.*)

II.  **STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal

---

[1] Curiously, Sauers included with his response to Defendant's motion to dismiss a newspaper article which begins "Township officials have bowed to community opposition and denied a zoning change that would have allowed a new commercial complex." (Pl.'s Resp. Ex. 2). The Court is not sure what to make of this article which seems to indicate that Sauers emerged from the zoning process victorious.

conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Simply reciting the elements will not suffice. *Id.* (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has recently directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside, Inc.*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged – but has failed to show – that the pleader is entitled to relief. *Id.*

Because Sauers is acting pro se, this Court must construe his Complaint liberally and apply

3

the applicable law, even if he failed to mention it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

**III. DISCUSSION**

It is exceedingly difficult to discern Plaintiff's claims. However, given Plaintiff's objections to the zoning decisions of the Township, the Court understands the Complaint to raise due process and equal protection claims.[2] Additionally, the Court will address Plaintiff's ADA claim as he regularly refers to that statute.

**A. Due Process**

To succeed on a substantive due process claim based on a zoning decision, Plaintiff must first allege executive action that "shocks the conscience." *United Artists Theater Circuit v. Township of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003). This standard is only met in cases of egregious official conduct. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004).

Sauers has failed to make out a substantive due process claim. At most, he alleges that the Township approved a zoning change with which he disagreed and Township representatives refused to answer his questions. Even crediting these assertions, Plaintiff cannot sustain a claim simply because he disagreed with a zoning decision rendered by the Township. *See Lonzetta Trucking and Excavating Co. v. Schan*, 144 F. App'x 206, 212 (3d Cir. 2005) ("A land use substantive due process claim must implicate more than just disagreement about conventional zoning or planning rules in

---

[2] Sauers' Pennsylvania constitutional law claims rise and fall with his federal claims. *See Todd v. Luzerne County Children and Youth Servs.*, Civ. A. No. 04-2637, 2008 WL 859253, at *10 (M.D. Pa. Mar. 28, 2008) (holding that Pennsylvania due process and equal protection claims are analyzed using same standards applied to federal constitutional claims).

order to pass the shock the conscience test."). Sauer's accusations that the "actions of the zoning office . . . were making me anxious and fearful about my truck and other things by sending me notices" and that he is unable to live in peace are insufficient to state a claim without some plausible factual allegations that the Township has in some way acted to violate his rights.

Any procedural due process claim brought by Sauers must also be dismissed. To succeed on a procedural due process claim, a plaintiff must show that he was deprived of a protected property interest and that the procedures for challenging that deprivation failed to comply with due process of law. *See Cornell Cos. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 258 (E.D. Pa. 2007). Here, the Complaint contains no allegations that he was deprived of a property interest. The Complaint contains a bald assertion that the Township's zoning change will affect his property and quality of life. The Complaint fails to point out if the Township intends to take Sauers' property as part of the zoning change or if he will be unable to use a portion of his property due to the Township's actions. Without pointing to a protected property interest of which he was deprived, Sauers cannot succeed on a procedural due process claim.

The Complaint also fails to allege that Pennsylvania has failed to provide him appropriate procedures for challenging any such deprivation. In fact, the Complaint makes clear that an open meeting to discuss the proposed zoning change was held and both the Township Planning Commission and Board of Supervisors considered the proposal. Regardless of Sauer's disagreement with the outcome of the process, the Complaint offers no suggestion that procedural due process was lacking.

### B. Equal Protection

When an equal protection claim is brought regarding land use decisions, the issue is whether

"the Township has irrationally distinguished between similarly situated classes." *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 171 (3d Cir. 2006). The Complaint contains no allegations that the Township treated similarly situated classes differently, let alone in an irrational manner. A plaintiff can also state an equal protection claim by alleging that a government entity knew how the plaintiff intended to use his land and rendered its zoning decision specifically to prevent that use. *See id*. at 167. But Plaintiff has made no such allegations here. These failures are fatal to his equal protection claim.

### C. Americans with Disabilities Act

In relevant part, the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Sauers alleges that he is an individual with disabilities that cause mental impairments and that he is limited in his ability to read, write and spell. (Compl. at 4.) But the Complaint makes no mention of how the Township's decision to re-zone certain property has any plausible connection to his purported disability. This claim must therefore be dismissed.

## IV. CONCLUSION

For the reasons above, although Sauers' Complaint fails to state a cause of action, the Court will deny the motion to dismiss and provide Sauers one more opportunity to attempt to state a claim regarding Southampton Township's zoning decision. An appropriate Order will be docketed separately.