IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER SAUERS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOWER SOUTHAMPTON | : | |
| TOWNSHIP, et al., | : | No. 09-5364 |
|     Defendants. | : | |

**MEMORANDUM**

Schiller, J.                                                                                                                                                                             March 29, 2010

       On November 13, 2009, *Pro se* Plaintiff Peter Sauers sued Lower Southampton Township ("the Township"), the Galaman Group, Nico Landscaping, Inc., and Village Style Commercial for alleged violations of his federal and Pennsylvania constitutional rights stemming from a zoning decision made by the Township. With the Court's permission, Sauers filed an Amended Complaint, on February 9, 2010, which presses his federal due process claims as well as numerous state law claims against a number of the previously named Defendants as well as a host of others. The Township, the only Defendant to have responded to the Complaint, has filed a motion to dismiss for failure to state a claim. For the reasons set forth below, the Court grants the Township's motion. Additionally, the Court declines to exercise supplemental jurisdiction over all of the state law claims except the defamation and false light claims, which the Court will dismiss.

**I.     BACKGROUND**

       Peter Sauers is a resident of Lower Southampton Township located in Pennsylvania. (Am. Compl. at 1.) In November of 2008, Sauers learned that the Township was considering re-zoning

a parcel of land adjacent to his property from residential to commercial. (*Id*. at 2 & ¶ 1.) Plaintiff and many of his neighbors were against this re-zoning. (*Id*. at 3.) "Facing such animated and vocal opposition, the Lower Southampton Supervisors voted to deny the Planning Department's recommendation to approve the rezoning." (*Id*.; *see also id*. ¶ 2.) The debate on the matter was heated; at one point, a Township supervisor told Sauers that he needed to leave the Township. (*Id*. at 4.) Apparently the victory was short-lived because in April of 2009, the Township revisited the matter and re-zoned the property for commercial use. (*Id*. at 4; *see also id*. ¶ 5.) Additionally, public records related to this matter have disappeared and other records have been altered. (*Id*. at 4.) Sauers has also received harassing notices about false violations of various Township codes and regulations. (*Id*. at 5; *see also id*. ¶ 6.)

According to the Amended Complaint, Defendants violated Sauers' federal and Pennsylvania due process rights by reconsidering their re-zoning decision outside the time permitted by Pennsylvania law and diminishing the value and enjoyment of his home. (*Id*. ¶¶ 8-11.) Sauers further contends that this re-zoning action is "sufficient to shock the conscience of the Court." (*Id*. ¶ 13.) Plaintiff also claims that: (1) the Township has violated Pennsylvania's Right to Know and Open Records Law; (2) Township Supervisor Mike Connelly defamed him when he said to Sauers "[y]ou should get out of this township like you did Bensalem;" and (3) the Township issued him a sham Notice of Violation in retaliation for his objections to the re-zoning. (*Id*. ¶¶ 14-24.) Sauers wants the harassment to stop and wants any pending development of the property enjoined.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as

true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Simply reciting the elements will not suffice. *Id*. (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has recently directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id*. at 211. If the court can only infer the mere possibility of

misconduct, the complaint must be dismissed because it has alleged – but has failed to show – that the pleader is entitled to relief. *Id.*

Because Sauers is acting pro se, this Court must construe his Complaint liberally and apply the applicable law, even if he failed to mention it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

**III.    DISCUSSION**

To succeed on a federal substantive due process claim based on a zoning decision, a plaintiff must first allege executive action that "shocks the conscience." *United Artists Theater Circuit v. Twp. of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003). This standard is only met in cases of egregious official conduct. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). Just as in his original Complaint, Sauers has failed to make out a substantive due process claim. His grievance with the Township is his disagreement with the Township's decision to re-zone a piece of property adjacent to his. Even crediting the well-pled assertions in his Amended Complaint, Plaintiff cannot sustain a claim simply because he disagrees with a zoning decision rendered by the Township. *See Lonzetta Trucking and Excavating Co. v. Schan*, 144 F. App'x 206, 212 (3d Cir. 2005) ("A land use substantive due process claim must implicate more than just disagreement about conventional zoning or planning rules in order to pass the 'shock the conscience' test.").

Sauers' response to the Township's motion to dismiss attributes any change in the zoning board's decision to re-zone to fraud "sufficient to shock the conscience." (Pl.'s Resp. to Mot. to Dismiss at 3.) This is a serious charge for which Sauers offers no support. After reviewing his Amended Complaint and his response to the Township's motion to dismiss, it is clear that Sauers'

issue is with the Township's purported change of heart. (*See id*. at 6 ("Ours is an old traditional suburban residential neighborhood which would be severely and negatively impacted by the imposition of a commercial development in our back yards.").) His disagreement with the Township's zoning decision, however, and his bald accusations of fraud are insufficient to sustain a constitutional claim against the Township. *See Dotzel v. Ashbridge*, 306 F. App'x 798, 800-01 (3d Cir. 2009) (noting that land-use decisions are matters of local concern and do not become substantive due process claims merely upon accusations of improper motive).

The Amended Complaint also fails to properly allege a procedural due process claim. The Amended Complaint makes clear that Sauers was notified of the relevant meeting; indeed he included a copy of the notice for the April 7, 2009 meeting with his Amended Complaint. *See Maple Properties, Inc. v. Twp. of Upper Providence*, 151 F. App'x 174, 177 (3d Cir. 2005) (holding that notice of proposed ordinance and public meeting where people could voice objection to proposal coupled with evidence that actual notice was received warranted finding that procedural due process was satisfied). The Amended Complaint provides no basis upon which this Court can infer that the Township did not follow proper procedures for rendering zoning decisions or that appropriate avenues were not left open for aggrieved parties to appeal decisions made by local zoning authorities. Therefore, the procedural due process claim must also be dismissed. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (holding that procedural due process violation requires that plaintiff attempt to take advantage of procedures made available).

Sauers also claims that the Township reconsidered its decisions outside the permissible time frame allotted by Pennsylvania law. The statute to which Sauers refers, however, 53 PA. STAT. ANN. § 11002-A , sets forth the time limit a party has to appeal a land use decision to the appropriate court

of common pleas. It has no bearing on this case.

The remaining claims are state law claims which deal with a variety of wrongs Sauers claims to have suffered. The Court will decline to exercise supplemental jurisdiction over these claims, which Sauers may bring in Pennsylvania state court. *See Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) ("A district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

However, the Court will dismiss the false light/defamation claim against Township Supervisor Mike Connelly because it is obvious from the face of the Complaint that the statute of limitations on this claim has expired. The statement "[y]ou should get out of this Township like you did Bensalem" was uttered on December 10, 2008 but Sauers did not sue Connelly until January 19, 2010. The statute of limitations in Pennsylvania for defamation and false light claims is one-year. 42 PA. CONS. STAT. ANN. § 5523(1).

Sauers repeatedly questions why Defendants The Galaman Group and Nico Landscaping did not respond to either Sauers Complaint or his Amended Complaint. Although Sauers has a legitimate gripe with these Defendants' failure to respond, because the Court is dismissing all of the federal claims Sauers has brought and the Court is declining to exercise supplemental jurisdiction over any state law claims involving these two Defendants, they will also be dismissed.

## IV.    CONCLUSION

For the reasons stated above, the motion to dismiss is granted and Plaintiff's Amended Complaint is dismissed. An appropriate Order will be docketed separately.